THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED

JUN - 9 2014

CLERK, US DISTRICT COURT
NORFOLK, VA

UNITED STATES OF AMERICA

v.                                                    CRIMINAL ACTION NO. 2:12cr124

ANTHONY CHARLES HUNTER,

Defendant.

*MEMORANDUM OPINION AND ORDER*

Before this Court is Defendant Anthony Charles Hunter's Supplemental Motion to

Dismiss the Indictment, filed on March 13, 2014.  ECF No. 61.  The Government filed a

Response to that Motion on March 27, 2014, ECF No. 63, and Defendant filed his Reply on

March 31, 2014, ECF No. 64.  For the reasons discussed below, Defendant's Supplemental

Motion to Dismiss is **DENIED**.

## I. PROCEDURAL AND FACTUAL HISTORY

On February 20, 2008, Defendant was arrested pursuant to a criminal complaint charging

Defendant with violations of 18 U.S.C. § 1951(a) and 18 U.S.C. § 924(c)(1)(A) related to an

armed robbery that occurred in late 2007 in Virginia Beach, Virginia.  E.D. Va. Case No. 2:08-

cr-60.  Defendant appeared before a Magistrate Judge in the Eastern District of Virginia on

February 22, 2008 for detention and preliminary hearings.  On March 20, 2008, Defendant was

indicted and charged with four counts of Interference with Commerce by Robbery, in violation

of 18 U.S.C. § 1951 and four counts of Brandish, Possess, Use, and Carry Firearms During and

in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A), stemming from four

1

armed robberies.

After conducting a hearing on August 12, 2008, the Court entered an Order finding that Defendant "is presently suffering from a mental disease or defect that makes him unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." The Court remanded Defendant "to the custody of the Attorney General for hospitalization and treatment at a suitable facility, with the purpose of continuing to evaluate his mental competency" pursuant to 18 U.S.C. §4241(d). Case No. 2:08-cr-60, ECF No. 27.

On April 10, 2009, the Court ordered Defendant committed to the custody of the Attorney General for a risk assessment pursuant to 18 U.S.C. § 4246(a). Defendant was hospitalized at the U.S. Medical Center for Federal Prisoners in Springfield, Missouri, and after a hearing on September 18, 2009, Defendant was committed by the U.S. District Court for the Western District of Missouri pursuant to § 4246. Case No. 6:09cv3219. After the United States Court of Appeals for the Eighth Circuit affirmed that order, on February 25, 2010, the Court granted the Government's Motion to Dismiss the Indictment without Prejudice, without objection from Defendant.

Beginning in July 2010, each year that Defendant remained at the Missouri facility a panel convened and issued a Risk Assessment Review Report recommending Defendant's conditional release. It concluded that while Defendant still suffered from a mental disease, his release would not create a substantial risk of danger to others as long as he was released to a group home and continued to receive some care. The Government submitted those reports to the U.S. District Court for the Western District of Missouri, but no action was taken on the reports, no hearing was held, and Defendant was never released. On September 6, 2011, Defendant filed a *pro se* habeas petition in the Missouri court requesting his immediate release and discharge.

Case No. 6:11cv3336. On February 14, 2012, the District Court dismissed the petition for lack of a constitutional violation, noting that "efforts are ongoing to secure state placement for [Defendant] in his home state of Virginia. To date, suitable state placement has not been found . . . [and] no state placement is available that meets the Risk Assessment Panel's recommendation for conditional release." ECF No. 14.

On August 8, 2012, the Government filed an eight-count Indictment in the Eastern District of Virginia against Defendant in the instant case, charging Defendant with committing four armed robberies between September 29 and October 15, 2007, two of which had been previously charged and two of which had not. The Government later added additional violations of 18 U.S.C. § 1951 in a Superseding Indictment filed on September 20, 2012, charging Defendant with committing five additional robberies between October 9 and October 18, 2007. Defendant was arrested at the Springfield facility and made his initial appearance before a Magistrate Judge on September 20, 2012. The Government moved for a new psychiatric exam on October 10, 2012, which Defendant's counsel opposed. After holding a hearing, the Court granted the motion on November 20, 2012, and ordered that Defendant be committed at Springfield for the purposes of evaluating his competency, pursuant to 18 U.S.C. § 4241(a). The forensic psychological report found that Defendant was malingering and competent, and after holding a competency hearing on June 10, 2013, the Court agreed and set the case for trial on July 23, 2013.

After the competency hearing, Defendant filed a Motion to Suppress, a Motion to Dismiss, and a Notice of Insanity Defense. The Government filed a Motion to Certify the Case as Complex as well as a Motion for a Psychiatric Exam to determine Defendant's mental state at the time of the offense. On July 11, 2013, the Court terminated the scheduled trial date and

3

noted that the case would be rescheduled after resolution of the pending motions.

Defendant's first Motion to Dismiss argued that the indictment should be dismissed because his indictment while civilly committed violated his due process, and also because his statutory and constitutional speedy trial rights were violated. This motion became ripe on July 26, 2013, and the Court held a hearing on the motion on July 31, 2013. At the conclusion of that hearing, it ordered additional briefing, which was completed on August 7, 2013. On October 31, 2013, the Court denied the Motion to Dismiss, finding that there was no violation of Defendant's due process of speedy trial rights. Noting its concerns with Defendant's continued civil commitment in light of the periodic reports finding him suitable for release, the Court ordered the Government to request a hearing regarding Defendant's civil commitment in the U.S. District Court for the Western District of Missouri within 30 days. A week later, the Court certified the case as complex on November 8, 2013, and ordered the requested psychiatric exam pursuant to 18 U.S.C. § 4241(a) on November 5, 2013.

The events following the Court's October 31, 2013 Order denying first Defendant's Motion to Dismiss are the focus of the parties' briefings on Defendant's second Motion to Dismiss, which is grounded solely in Defendant's constitutional speedy trial rights. The Government complied with the Court's Order and filed a Motion to Transfer Defendant on December 2, 2013. Case No. 6:09cv3219 (E.D. Mo.), ECF NO. 24. That motion was granted on December 18, 2013, but Defendant remained incarcerated in this District for approximately three months and did not arrive in Missouri for four months. Following the transfer order, the Government took no action to ensure it was carried out, until it learned on February 26, 2014, that the Defendant was still in custody in this District. Govt. Resp. at 2. According to the Government, it then immediately contacted the United States Marshals. Defendant left the

4

prison in which he was incarcerated on March 13, 2014.  On the same day, he filed the Supplemental Motion to Dismiss for violation of his speedy trial rights.  ECF No. 61.  On March 24, 2014, he was examined at another location within the Eastern District of Virginia to determine his insanity at the time of the offense, but did not submit to the examination.  Govt. Resp. at 2-3.

On April 25, 2014, the Government informed the Court that Defendant had arrived at the facility in Missouri on April 17, 2014.  On May 28, 2014, the Government further informed the Court that the evaluation had been completed and that the Risk Assessment Panel determined that Defendant did not meet the criteria for civil commitment, and that Defendant would be returned to the Eastern District of Virginia once the Government filed a Motion to Dismiss his civil commitment in the U.S. District Court for the Western District of Missouri.

## II. DISCUSSION

The United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial…."  U.S. Const. Amend. VI.  The United States Supreme Court has rejected a bright line test to determine whether a defendant's Constitutional right to a speedy trial has been violated, and instead has outlined four factors to be weighed in a balancing test.  *See Barker v. Wingo,* 407 U.S. 514, 530 (1972).  To establish a violation of the Sixth Amendment right to a speedy and public trial, a defendant must show first that the Amendment's protections have been triggered by "arrest, indictment, or other official accusation."  *Doggett v. United States,* 505 U.S. 647, 655 (1992).  "The defendant must then show that on balance, four separate factors weigh in his favor:" (1) "whether the delay before trial was uncommonly long," (2) "whether the government or the defendant is more to blame for that delay," (3) "whether, in due course, the defendant asserted his right to a speedy trial, and"

(4) "whether he suffered prejudice" as a result of the delay. *United States v. Thomas*, 55 F.3d
144, 148-49 (4th Cir. 1995) (quoting *Doggett*, 505 U.S. at 651).

To initiate the required analysis, the Court must first consider whether the length of the
delay between the defendant's initial appearance and the trial "has crossed the threshold dividing
ordinary from 'presumptively prejudicial' delay." *Doggett*, 505 U.S. at 651-52 (quoting *Barker*,
407 U.S. at 530). Ordinarily, a delay approaching one year is presumptively prejudicial and will
trigger the speedy trial analysis. *Id.* at 652 n. 1. However, a delay that exceeds one year does
not, in itself, necessarily establish a violation of the defendant's rights to a speedy trial. *Barker*,
407 U.S. at 533–36 (holding that more than a five year delay, while extraordinary, did not violate
the defendant's right to a speedy trial). Instead, the Court must "then consider, as one factor
among several, the extent to which the delay stretches beyond the bare minimum needed to
trigger judicial examination of his claim." *Doggett*, 505 U.S. at 652.

Second, the court must consider the reason for the delay. *Barker*, 407 U.S. at 531.
"Delay 'to hamper the defense' weighs heavily against the prosecution," while "delay caused by
the defense weighs against the defendant." *Vermont v. Brillon*, 556 U.S. 81, 90
(2009) (citing *Barker*, 407 U.S. at 530). "Official negligence" still weighs against the
Government, but "is obviously to be weighed more lightly than a deliberate intent to harm the
accused's defense." *Doggett*, 505 U.S. at 657.

Third, the court must consider whether and how Defendant asserted his right to a speedy
trial. "Failing to assert the right will make it difficult for a defendant to prove he was denied a
speedy trial." *Barker*, 407 U.S. at 532. The Fourth Circuit has held that asserting this right too
late can be held against the defendant. *United States v. Grimmond,* 137 F.3d 823, 829 (4th Cir.
1998) (holding there was no violation of a defendant's speedy trial right after a thirty-five month

6

delay, noting the fact that the defendant waited until four months before trial to assert this right).
Finally, and most importantly, the court must determine whether Defendant has been prejudiced
by the delay. *Barker* specifically directs the court to consider: (1) oppressive pretrial
incarceration; (2) anxiety and concern of the accused; and (3) impairment of the accused's
defense. *Barker*, 407 U.S. at 532.

Turning to the circumstances of this case, as to the first factor—the length of the delay—
the over-six-year time period that has elapsed since Defendant was first indicted is obviously
sufficient to trigger the constitutional analysis. However, the Court does not consider the entire
six-year time frame as relevant to the Sixth Amendment analysis. Like the Speedy Trial Act, 18
U.S.C. § 3161(h)(5), when the Government voluntarily dismisses an indictment without
prejudice, "the Sixth Amendment does not require counting the time between indictments."
*United States v. Colombo*, 852 F.2d 19, 24 (1st Cir. 1988). *See also United States v. Sample*, 713
F.2d 298, 301-02 (7th Cir. 1983) (same). *But see United States v. Abdush-Shakur*, 465 F.3d 458,
465 (10th Cir. 2006) (declining to resolve the issue). Indictments have been pending in this case
from February 2008 to February 2010 (2 years) and August 2012 through June 2014 (1 year and
10 months). Excluding the time when no indictment was pending, the delay in this case amounts
to three years and ten months. The first factor therefore weighs in Defendant's favor, as it did
when the Court considered Defendant's first Motion to Dismiss.

The timeliness of Defendant's assertion of his speedy trial rights, the third factor in the
constitutional analysis, is also largely unchanged since the Court's previous Order. Defendant
did not raise his Sixth Amendment speedy trial claim at all during the two-year pendency of the
first indictment, from 2008 to 2010, and he only filed his first speedy trial motion in June 2013,
approximately ten months after he was re-indicted. Filing an additional subsequent motion does

not change the Court's prior conclusion that this factor weighs against Defendant, as the fact remains that (excluding the time when no indictment was pending) he first raised his speedy trial rights two years and ten months after first being indicted. Defendant cannot change this fact by filing additional subsequent speedy trial motions.

The second and fourth factors have, however, changed since the Court's initial analysis of Defendant's speedy trial rights. In its prior order, the Court found that the second factor weighed in the Government's favor because most of the delay was caused by proceedings dealing with Defendant's mental health and civil commitment. As to the fourth factor, it found that the factor weighed "heavily" in the Defendant's favor, ECF No. 57 at 18, solely because of the length of the delay. However, then, as now, Defendant has raised no specific allegations of prejudice. Instead, in his first motion he noted only in vague terms, without supporting details, that because of the delay, memories have faded, witnesses have become unavailable, and Defendant has been unable to assist in building his defense. ECF No. 31 at 15. In his current motion, Defendant relies simply on the Court's previous finding of prejudice. ECF No. 61. *See United States v. Loud Hawk*, 474 U.S. 302, 315 (1986) (finding it appropriate to give "little weight" to the fourth factor where there was only the "possibility of impairment of a fair trial that may well result from the absence or loss of memory of witnesses" and noting that "delay is a two-edged sword" because "the passage of time may make it difficult or impossible for the Government to carry this burden").

Although the lengthy delay in this case is sufficient to be termed "presumptively prejudicial" for the purposes of triggering the speedy trial inquiry, relevant case law requires Defendant to show specific and actual prejudice in certain circumstances:

> The extent to which a defendant must demonstrate prejudice under this factor depends on the particular circumstances. A showing of actual prejudice is required if the government

8

exercised reasonable diligence in pursuing the defendant. *Doggett*, 505 U.S. at 656; *United States v. Brown*, 325 F.3d 1032, 1035 (8th Cir.2003). Where the government has been negligent, however, prejudice can be presumed if there has been an excessive delay. *Doggett*, 505 U.S. at 656-58.

*United States v. Erenas-Luna*, 560 F.3d 772, 778-79 (8th Cir. 2009). Accordingly, the United States Court of Appeals for the Fourth Circuit has found that the fourth factor weighs against a defendant even in cases of lengthy delay where the Government has not been negligent or deliberate and the defendant has failed to show actual prejudice. For example, in *United States v. Hall*, 551 F.3d 257 (4th Cir. 2009), the relevant delay between indictment and trial was two years. The Fourth Circuit concluded that the second factor was neutral because there was neither prosecutorial misconduct nor bad intent. *Id.* at 272. It then found that the fourth factor weighed "substantially in favor of the prosecution" because the defendants only raised general allegations of prejudice. *Id.* at 273. Similarly, in *United States v. Grimmond*, 137 F.3d 823, 830 (4th Cir. 1998), the Fourth Circuit found that the reasons for a 35 month delay were valid and that the fourth factor weighed heavily in favor of the Government because the defendant had failed to identify any actual prejudice. *See also United States v. Trotman*, 406 F. App'x 799 (4th Cir. 2011) (seventeen year delay not prejudicial because no specific prejudice identified).

Therefore, the Court cannot simply assume that because of the lengthy delay in this case, the fourth factor weighs in Defendant's favor. Instead, the Court must consider any prejudice in light of the length of any delay attributable to Government negligence. "Negligence over a sufficiently long period can establish a general presumption that the defendant's ability to present a defense is impaired, meaning that a defendant can prevail on his claim despite not having shown specific prejudice." *United States v. Velazquez*, 12-3992, 2014 WL 1410153 at *7 (3d Cir. Apr. 14, 2014). In its prior Order, the Court noted that the second factor weighed in favor of the Government because most of the delay was attributable to necessary examinations

and proceedings related to Defendant's competency, and to resolving various motions the parties filed. *See Grimmond*, 137 F.3d at 828 ("Valid reasons for delaying a trial are weighted in favor of the Government."). The parties have not disputed the Court's prior conclusion that the delay lasting until the Court's October 31, 2013 Order was attributable to valid reasons and therefore weighs in favor of the Government. Moreover, the Court again notes that the conclusion of the forensic mental health evaluation report finalized on February 20, 2013, ECF No. 26, concluded that Defendant was malingering. Therefore, the Court concludes that the months between November 20, 2012 (when the Court ordered the psychiatric exam) and June 10, 2013 (when the Court concluded that Defendant was competent) weigh particularly in favor of the Government.

Following the Court's Order, however, the three months between mid-December 2013 (when the transfer order was entered) and mid-March 2013 (when Defendant finally left the prison in which he had remained incarcerated) are indisputably attributable to the Government's negligence. It was the Government's responsibility to ensure that the transfer order was executed promptly, and its repeated attempts to instead cast blame on the Defendant, *e.g.*, ECF No. 63 at 5, are inappropriate. The Government was negligent for failing to ensure that Defendant's transfer was promptly executed.

Nonetheless, only three months out of a nearly four year delay are attributable to the Government's negligence. The remainder were either attributable to Defendant or a result of necessary proceedings or valid motions the parties filed. Therefore, in the absence of a showing of any specific prejudice by the Defendant, the Court concludes that the second and fourth factors also weigh in the Government's favor and Defendant is not entitled to dismissal of the Indictment. *See Wilson v. Mitchell*, 250 F.3d 388, 396 (6th Cir. 2001). The Court expects that

there will be no further delay attributable to the Government's negligence, and that both parties will work diligently to ensure a prompt resolution of the charges in this case.

### III. CONCLUSION

For the reasons previously stated, Defendant's Supplemental Motion to Dismiss is **DENIED**. The Courtroom Deputy will contact counsel to schedule a hearing on the Motion to Suppress and a trial date as soon as reasonably practicable.

The Court **DIRECTS** the Clerk to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
June   , 2014

/s/

Raymond A. Jackson
United States District Judge

11