IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            CRIMINAL ACTION NO. 2:12cr124

ANTHONY CHARLES HUNTER,

    Defendant.

### *MEMORANDUM OPINION & ORDER*

Before the Court is Defendant Anthony Charles Hunter's Motion to Dismiss Counts Two, Four, Nine and Twelve of the Superseding Indictment ("Motion"). ECF No. 77. Defendant's Motion was filed on August 25, 2015 and the United States filed a Response in Opposition to the Motion on September 22, 2015. ECF No. 84. On September 28, 2015, Defendant filed a Reply to the Government's Response and the Court heard oral argument on the Motion on October 21, 2015. ECF Nos. 85 and 97. Defendant filed Supplemental Authority on the Motion on October 21, 2015. ECF No. 95. The Motion has been fully briefed and argued and is now ripe for judicial determination. For the reasons stated below, Defendant's Motion is **DENIED**.

On September 20, 2012, a Federal Grand Jury returned a fourteen-count Superseding Indictment charging Defendant with Interference with Commerce by Robbery and Conspiracy to Interfere with Commerce by Robbery (Counts 1, 3, 5, 6, 7, 8, 10, 11, 13, 14) in violation of 18 U.S.C. § 1951, and Use, Carry and Brandish a Firearm During and in Relation to a Crime of Violence (Counts 2, 4, 9, 12) in violation of 18 U.S.C. § 924(c). Each of the ten alleged robberies took place between September 29, 2007 and October 18, 2007, in Virginia Beach,

Chesapeake, Norfolk, and Suffolk, Virginia. The Indictment also included an allegation of criminal forfeiture, 21 U.S.C. § 853(p).

Defendant now moves, pursuant to Federal Rules of Criminal Procedure 12(b)(1), 12(b)(2), and 12(b)(3)(B)(v), to dismiss Counts Two, Four, Nine, and Twelve of the Superseding Indictment, the four counts charging Defendant with Carry and Brandish a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii).

The Motion presents the Court with two independent questions: First, is Hobbs Act robbery categorically a crime of violence?[1] Second, is the residual clause of 18 U.S.C. § 924(c) unconstitutionally vague because it requires judges to determine whether an offense involves a substantial risk that physical force may be used?

Defendant first argues that Hobbs Act robbery does not qualify as a crime of violence because it can be violated without the use, attempted use, or threatened use of violent physical force. Specifically, Defendant notes that "[u]nder the categorical approach, an offense qualifies as a crime of violence only if a necessary element of the offense includes the use, attempted use, or threatened use of *violent physical* force." ECF No. 77 at 5. Defendant continues that "the Hobbs Act can be violated by putting someone in fear of injury...that could have been caused by something [other than a defendant's threatened physical violence]." As support for his argument Defendant relies heavily on the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit")'s decision in *United States v. Torres-Miguel*, 701 F.3d 165, 176 (4th Cir. 2012). In *Torres-Miguel*, the defendant pleaded guilty to one count of illegal reentry by an aggravated felon, and received an enhancement at sentencing for having been previously convicted of a crime of violence. *Id.* at 176. The defendant had previously been convicted under California

---

[1] Defendant was indicted on nine counts of Interference of Commerce by Robbery and one count of Conspiracy to Interfere with Commerce by Robbery under 18 U.S.C. § 1951, known commonly as the Hobbs Act.

2

Penal Code § 422(a) of willfully threatening to commit a crime that would result in death or great bodily harm. *Id.* The court, in a case of first impression in this Circuit, held that simply threatening to commit a crime that would result in death or great bodily harm is not a crime of violence. *Id.* Stressing the difference between *use* of force and *result* of injury, the court concluded that "the plain language of § 422(a) does not contain an element requiring the use or threatened use of physical force." *Id.* at 169. Defendant urges this Court to analogize from *Torres-Miguel* that "if threats of seriously bodily injury or death do not equal threats of violent force, then putting someone in fear of 'physical injury' (by threats or otherwise) does not either." ECF No. 77 at 8.

The Government responds that the "Fourth Circuit has held while construing a state law that the common-law definition of robbery is 'the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation.'" ECF No. 84 at 8 (citing *Untied States v. Presley*, 52 F.3d 64, 69 (4th Cir. 1995)). To square the instant case with *Torres-Miguel*, the Government argues that robbery is a general intent crime and therefore the necessary *mens rea* exceeds the negligence and recklessness that would fail under *Torres-Miguel*. ECF No. 84 at 18 citing (*Cater v. United States*, 530 U.S. 255, 267 (2000)).

Upon considering the arguments of the parties and the clear law of this Circuit, it is apparent that robbery, in particular robbery accomplished with the use or display of a firearm, including Hobbs Act robbery, is unquestionably a crime of violence. The Court therefore finds that Hobbs Act robbery qualifies as a crime of violence under 18 U.S.C. § 924(c)(3)(A).

Defendant's second argument in support of his Motion is that if Hobbs Act robbery fails to qualify as a crime of violence under § 924(c)'s force clause, it would have to qualify under

§924(c)(3)(b), the so-called residual clause. Defendant argues that the residual clause of Section 924(c) is unconstitutionally vague after the United States Supreme Court's decision in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015).

The Court first states for the record what has been clear in this Circuit and across our federal courts for time immemorial: facial challenges are disfavored. *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 450 (2008). A facial challenge "to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid." *United States v. Solerno*, 481 U.S. 939, 745 (1987). Our reticence to hear and decide facial challenges flows logically from the "fundamental principle of judicial restraint that courts should neither 'anticipate a question of constitutional law in advance of the necessity of deciding it' nor 'formulate a rule of constitutional law broader than is required by the precise facts to which it is to be applied.'" *Washington State Grange*, 552 U.S. at 550 (citing *Ashwander v. TVA*, 297 U.S. 288, 346-347 (1936).

The Court cannot find on the record before it or on the law of this Circuit that the Supreme Court in *Johnson* intend to invalidate the residual clause of §924(c). The residual clause of the ACCA had faced significantly more confusion in the lower courts, was a much broader clause than § 924(c), and required courts to analyze conduct outside of that conduct required for the charged offense. Further, the Court's finding that Hobbs Act robbery qualifies as a crime of violence under 18 U.S.C. § 924(c)(3)(A) obviates the need for the court to wade into the question of whether Section 924(c)(3)(B)'s residual clause is unconstitutionally vague.

The issues presented by this Motion are critically important to our criminal justice system. Defendant faces a potentially significant term of incarceration if convicted on these four

counts. The Court is certainly aware that the United States Court of Appeals for the Ninth Circuit very recently came to the opposite conclusion on the *Johnson* question in *Dimaya v. Lynch*, No. 71307 (9th Cir. Oct. 19, 2015), a case that dealt not with § 924(c)(3)(b) but instead with § 16(b).[2] That decision, however instructive it may be, is not binding on this Court. And while the Court is familiar with similar cases currently pending before the Fourth Circuit and other courts of this District, there is nothing in the current law of this Circuit that permits the Court to provide the relief Defendant now seeks. Therefore, Defendant's Motion is **DENIED** and the parties are directed to continue preparations for trial, which is set for Wednesday, October 28, 2015, at 10:00 am in Norfolk, Virginia.

The Clerk is **DIRECTED** to provide a copy of this Memorandum Opinion and Order to counsel for the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
October 22, 2015

Raymond A. Jackson
United States District Judge

---

[2] The parties agreed at oral argument that the language of § 16(b) is identical to the language of § 924(c)(3)(b). The Court sees an important distinction, however, in the fact that there has been considerably less confusion and litigation about § 924(c)(3)(b) in the federal courts.